# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS L. TWILLIE, )
        Plaintiff, )
       v. )     C.A. No. 05-352 Erie
)
DISTRICT ATTORNEY BRADLEY H., )
FOULK, )
        Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that:

    1.    The Motion for Summary Judgment filed on behalf of Defendant Bradley H. Foulk [Document # 47] be granted; and

    2.    The Motion for Summary Judgment filed on behalf of Defendants Erie Police Department, Detective Thomas Nelson and Chief Steve Franklin [Document # 49] be granted.

### II.    REPORT

#### A.    Relevant Procedural History

On November 23, 2005, Plaintiff Thomas Lee Twillie, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [Document # 8]. Named as Defendants in the original complaint are: Bradley H. Foulk, District Attorney of Erie County, Pennsylvania ("Foulk"); Erie Police Department ("EPD"); and Detective Thomas Nelson of the EPD ("Nelson").

Plaintiff subsequently filed an amended complaint on August 3, 2006, essentially clarifying the allegations of his original complaint. [Document # 19]. In his original and amended complaints, Plaintiff sought "to obtain access to genetic evidence taken from rape victim for DNA testing – to prove [his] innocence." (Document # 19, Amended Complaint, at Section VI). Defendants EPD and Nelson and Defendant Foulk filed motions to dismiss the

amended complaint [Document ## 32 and 38, respectively] arguing, primarily, that the complaint represented an improper collateral civil attack upon a final criminal conviction that has not been overturned or called into question, under Heck v. Humphrey, 512 U.S. 477 (1994).

In response to Defendants' motions to dismiss, Plaintiff filed a second amended complaint [Document # 45][1], adding Stephen Franklin ("Franklin"), Chief of the EPD, as a Defendant, dropping EPD as a Defendant, and re-characterizing his claims, as follows: (I) Defendant Foulk allegedly violated Plaintiff's Fourteenth Amendment due process rights and denied him access to court by denying Plaintiff access to, and ultimately destroying, the DNA evidence sought by Plaintiff; (ii) Defendant Nelson, acting under the supervision of Defendant Franklin, allegedly denied Plaintiff "meaningful access to court" by "failing to preserve and allegedly destroying DNA evidence" (Document # 45 at ¶ 29); (iii) Defendant Nelson allegedly violated Plaintiff's due process rights by falsely claiming that Plaintiff confessed to committing rape, thus preventing a "full range of rape testing" from being conducted and denying Plaintiff the "opportunity to present competent proof in his defense" (Id. at ¶¶ 30, 33); (iv) Defendants Nelson and Franklin "intentionally sought destruction of DNA evidence fully aware that same could be potentially exculpatory" in violation of Plaintiff's due process rights (Id. at ¶ 38); and (v) Defendants Nelson and Franklin violated Plaintiff's Fourteenth Amendment equal protection rights by "discriminat[ing] against [him] based upon the fact that other individuals DNA evidence has been and is preserved in cases dating back twenty-five (25) years" (Id. at ¶ 41). In addition to the foregoing constitutional claims, Plaintiff has asserted a state law claim of intentional infliction of emotional distress against Defendants Foulk, Franklin, and Nelson. (Id. at ¶¶ 46-51). As relief for his claims, Plaintiff seeks compensatory and punitive damages.

In response to Plaintiff's Second Amended Complaint, Defendants EPD, Nelson and

---

[1] Upon the filing of Plaintiff's second amended complaint, Defendants' motions to dismiss Plaintiff's amended complaint were dismissed, without prejudice to their right to restate all or part of said motions in response to the second amended complaint. (See Order at Document # 44).

2

Franklin filed a motion for summary judgment [Document # 49], seeking entry of judgment in their favor, as a matter of law, based on the following arguments: (i) Plaintiff allegedly challenges the very reason for his confinement, rather than its conditions and, thus, seeks habeas corpus relief, which is not actionable under Section 1983; (ii) Defendant EPD is not a "person" subject to suit under Section 1983 and, alternatively, cannot be sued on a theory of *respondeat superior*;[2] (iii) Defendant Franklin was not Chief of Police at any relevant time alleged in the Second Amended Complaint; (iv) Defendant Nelson did not participate in the destruction of the DNA evidence; (v) Defendants Nelson and Franklin are entitled to qualified immunity; and (vi) the destruction of the DNA evidence was not in violation of Plaintiff's due process rights.

Defendant Foulk also filed a motion for summary judgment [Document # 47], essentially incorporating by reference the arguments raised by the other Defendants,[3] as well as incorporating the following arguments that he had raised previously in response to Plaintiff's original and first amended complaints: (i) Plaintiff's claims constitute an impermissible collateral attack on his conviction under Heck v. Humphrey, 512 U.S. 477 (1994); and (ii) he is entitled to absolute immunity from Plaintiff's claims that challenge actions taken within his prosecutorial role.

Plaintiff has filed a brief in opposition to Defendants' motions [Document # 53], arguing that there are genuine issues of material fact with regard to his claim that the destruction of the DNA evidence violated his due process rights. This matter is now ripe for consideration.

---

[2] As noted earlier, EPD is not named as a Defendant in, nor included in the caption of, the Second Amended Complaint. Thus, it appears that Plaintiff does not intend to pursue any claims against EPD.

[3] Although Defendant Foulk's motion was docketed first, the Defendants' motions were actually filed on the same date, thus allowing Defendant Foulk to have knowledge of, and to incorporate, the other Defendants' arguments.

3

**B.      Standards of Review**

  **1.      Motion to Dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 2. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000). Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Discussion
#### 1. Defendant Franklin

Plaintiff's claims against Defendant Franklin are based entirely upon the premise that Franklin was responsible for ordering the destruction of the DNA evidence at issue.  To dispel this premise, Defendants have submitted the affidavits of Defendant Franklin and Detective Patrick Howe of the EPD. (Document # 49, Exhibits 1 and 2).  According to Detective Howe, the "rape kit" containing the subject DNA evidence was destroyed on July 29, 1989. (See Howe Affidavit attached as Exhibit 2 to Document # 49). At that time, Defendant Franklin states that he "was a patrol officer, and had no involvement in Plaintiff's prosecution or the maintenance of the evidence in his case." (See Franklin Affidavit attached as Exhibit 1 to Document # 1).

6

Plaintiff has produced no evidence to contradict these Affidavits. As a result, this Court finds that Plaintiff's claims against Defendant Franklin are based on an erroneous premise and have no basis in fact. Accordingly, summary judgment should be entered in favor of Defendant Franklin.

### 2. Detective Nelson
#### a. Destruction of DNA Evidence

As with Defendant Franklin, Plaintiff asserts that Defendant Nelson was responsible for destroying, or participating in the destruction of, the DNA evidence at issue. Based on this assertion, Plaintiff claims that, by allegedly destroying the DNA evidence, Defendant Nelson denied Plaintiff "meaningful access to court," and violated Plaintiff's rights to due process and equal protection of the law. (Document # 45 at ¶¶ 29, 38, 41). However, according to Detective Howe, the DNA evidence "was destroyed on July 27, 1989 by the Property Room officer at that time, Detective Markham, on instructions of Detective McShane, Investigator of the case," and "[t]here is no record of any other police officer or official authorizing the destruction of the [DNA evidence]." (See Howe Affidavit attached as Exhibit 2 to Document # 49). There is no evidence of record, either submitted by Plaintiff or otherwise available to this Court, that contradicts Detective Howe's sworn affidavit. As a result, this Court finds that Plaintiff's assertion that Defendant Nelson was in any way responsible for the destruction of the DNA evidence at issue has no foundation. Accordingly, summary judgment should be granted in favor of Defendant Nelson with regard to Plaintiff's claims against him that, in any way, arise from the destruction of the DNA evidence.

#### b. Due Process Claim - DNA Testing

Plaintiff's remaining constitutional claim against Defendant Nelson is that Nelson allegedly violated Plaintiff's due process rights by falsely claiming that Plaintiff confessed to

committing rape, thus preventing a "full range of rape testing" from being conducted and denying Plaintiff the "opportunity to present competent proof in his defense" (Id. at ¶¶ 30, 33). Plaintiff argues that, without such "proof," "it has been functionally impossible for [him] to challenge the legality of his confinement." (Document # 53 at p. 2).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original).

Plaintiff's claims against Defendant Nelson clearly implicate the validity of his conviction; yet, Plaintiff has made no showing that the conviction has been declared invalid. Therefore, summary judgment should be granted in favor of Defendant Nelson with regard to this due process claim.

### 3. Defendant Foulk

Plaintiff has effectively asserted due process and denial of access to court claims against Defendant Foulk related to the destruction of the DNA evidence at issue. In particular, Plaintiff claims, in pertinent part, as follows:

> 11. On July 10, 2006, Plaintiff mailed an informal letter to D.A. Foulk, which sought access to DNA evidence used seventeen (17) years before in his felony rape trial.
>
> 12. Plaintiff was told by D.A. Foulk that he had no rights statutorily or constitutionally to the DNA evidence.
>
>                 *                      *                      *
>
> 18. Ultimately, Plaintiff filed the instant suit under Title 42 U.S.C.

§ 1983, seeking access to said DNA evidence. Additionally, Plaintiff has repeatedly over the last two (2) years complained of a need to test DNA evidence. In addition to not providing access to the requested DNA evidence, the Defendant D.A. Foulk has only now unreasonably asserted the DNA evidence has been destroyed,...

19. The decision by Defendant D.A. Foulk to deny the Plaintiff the DNA evidence in a prompt manner was done with "personal animus," as such, in violation of Fourteenth Amendment rights....

20. The decision by Defendant D.A. Foulk to deny the Plaintiff access to DNA evidence, engendered in bad faith, for purposes to frustrate and prevent the Plaintiff from introducing evidence, which the Defendant D.A. Foulk fore-knew of its exculpatory value, to wit, bad faith is demonstrated herein, as, after the Plaintiff did incur excessive expenses by filing appeals to both state and federal courts, only then, did Defendant D.A. Foulk claim the requested DNA evidence had been destroyed.

21. In failing to provide the Plaintiff access to the DNA evidence defendant has forced Plaintiff into costly and time consuming court filings. Defendant D.A. Foulk discriminated against the Plaintiff based on fact that other individuals have sought and were granted DNA evidence without pursuing court filings.

          \*          \*          \*

24. Defendant D.A. Foulk knowingly, with personal animus and in bad faith intentionally discriminated against the Plaintiff for approximately two (2) years, defendant D.A. Foulk stated with personal animus that, "Plaintiff should have obtained evidence from counsel years ago."

25. Defendant D.A. Foulk's administrative decision to deny the Plaintiff access to DNA evidence for approximately two (2) years has denied the Plaintiff meaningful access to the courts, not only literal bars, but also, forcing the Plaintiff to perform a "doctrine of futility," wherein, he had to file costly and time consuming motions in state and federal courts, a tactical delay making it functionally impossible for him to challenge the legality of his confinement in violation of the Plaintiff's rights to due process of law under the Fourteenth Amendment of the United States Constitution.

(Document # 45, Second Amended Complaint, at ¶¶ 11-12, 18-21, 24-25).

In sum, the foregoing claims rest upon Plaintiff's assertion that Defendant Foulk has denied Plaintiff access to the DNA evidence in question ever since Plaintiff requested the

evidence in his "informal letter," dated July 10, 2006. However, as verified by Detective Howe's affidavit, the DNA evidence was destroyed on July 27, 1989, nearly 17 years before Plaintiff's request. Obviously, Defendant Foulk could not have, "with personal animus and in bad faith," denied Plaintiff access to evidence that no longer existed. The only thing to which Plaintiff may properly claim he was denied access for a period of time is the knowledge that the DNA evidence was, in fact, destroyed long before Plaintiff made his request. While Defendant Foulk may have been careless or even negligent in failing to timely inform Plaintiff that the DNA was destroyed, such purported carelessness or negligence does not rise to the level of a constitutional claim. As a result, summary judgment should be entered in favor of Defendant Foulk.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The Motion for Summary Judgment filed on behalf of Defendant Bradley H. Foulk [Document # 47] be granted; and

2. The Motion for Summary Judgment filed on behalf of Defendants Erie Police Department, Detective Thomas Nelson and Chief Steve Franklin [Document # 49] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 29, 2008

cc: The Honorable Maurice B. Cohill
United States District Judge