# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS LEE TWILLIE, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | 05-352Erie |
|  | ) |  |
| BRAD H. FOULK, | ) |  |
| et. al. | ) |  |
|  | ) |  |
| Defendants | ) |  |

## MEMORANDUM OPINION

Plaintiff's first Complaint was received by the Clerk of Court on November 25, 2005 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Subsequent to the filing of this first Complaint [Doc. #8], Plaintiff filed an Amended Complaint on August 3, 2006 [Doc. #19], and a Supplemental Amended Complaint on May 17, 2007 [Doc. #61]. Named as Defendants in the Supplemental Amended Complaint are Bradley Foulk, individually and in his official capacity as Erie County District Attorney, Erie Police Department Detective Thomas Nelson, individually and in his official capacity or his successor, and Chief of Police of the Erie Police Department Steve Franklin, individually and in his official capacity or his successor. Although the Erie Police Department had been named as a defendant in the First Amended Complaint, it was not named as a defendant in the Supplemental Amended Complaint.

Defendant Foulk moved for summary judgment on Plaintiff's Second Amended Complaint on June 18, 2007 [Doc. #47]. Defendants Franklin, Erie Police Department and

Nelson also moved for Summary Judgment on June 18, 2007 [Doc. #49].

On January 29, 2008, Magistrate Judge Baxter issued a report and recommendation, recommending that both motions for summary judgment be granted. The parties were allowed ten (10) days from the date of service to file objections. Service was made on Plaintiff by certified mail at FCI Albion, where he is incarcerated, and on Defendants. Plaintiff filed his objections on February 12, 2008 [Doc. #61].

Rule 72 of the Federal Rules of Civil Procedure provides, in pertinent part "the district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). After de novo review of the pleadings and documents in the case, together with the report and recommendation, we adopt Magistrate Judge Baxter's January 29, 2008 report and recommendation in part as our opinion, reject it in part, and recommit the matter to Magistrate Judge Baxter for further consideration. Specifically, the report and recommendation of Magistrate Judge Baxter is adopted as the opinion of this court with respect to the claims brought by Plaintiff against Defendants Foulk and Franklin in their entirety, as well as with respect to Plaintiff's claim that Defendant Nelson allegedly violated Plaintiff's due process rights by falsely claiming that Plaintiff confessed to committing rape, thus preventing a full range of rape testing from being conducted and denying Plaintiff the opportunity to present competent proof in his defense.

The report and recommendation of Magistrate Judge Baxter, dated January 29, 2008, however, is rejected and recommitted to Magistrate Judge Baxter for further consideration, with respect to the following claims brought by Plaintiff against Defendant Nelson: (1) "Defendant

2

Nelson . . . denied Plaintiff meaningful access to court by failing to preserve and allegedly destroying DNA evidence;" (2) "[a]fter Plaintiff's conviction and sentencing, Defendant Nelson . . . intentionally sought destruction of DNA evidence fully aware that same could be potentially exculpatory, if, in fact, Plaintiff would be granted access to DNA evidence for testing as conclusive test could definitely be exculpatory;" (3) Defendant Nelson's "capricious actions of destroying DNA evidence without obtaining a court order or requesting evidentiary hearing, as is part of Erie Police Department's adopted procedures, as such deviations from these adopted procedures has violated the Plaintiff's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution;" and (4) Defendant Nelson "discriminated against the Plaintiff based upon [the] fact that other individuals DNA evidence has been and is preserved in cases dating back twenty-five (25) years." Supplemental Amended Complaint, ¶¶ 29, 38, 40-41.

We are recommitting the matter to Magistrate Judge Baxter with respect to this aspect of Plaintiff's claims against Defendant Nelson because the factual basis for the report and recommendation is in conflict with documentary evidence in the file. Defendant Nelson's motion for summary judgment on the destruction of DNA evidence claims was based on an Affidavit from Detective Patrick Howe of the Erie Bureau of Police. This Affidavit stated, in relevant part, that Detective Howe had examined the Erie Police Bureau records involving the rape kit prepared from the victim whom Plaintiff was convicted of raping at the time of the reporting of the crime in 1987, and that the records showed that the kit was destroyed on July 27, 1989 by the property room officer at that time, Detective Markham, on instructions from Detective McShane, investigator of the case. Detective Howe's Affidavit also stated that there was no record of any

3

other police officer or official authorizing the destruction of the rape kit. Yet in his objection to the R&R, Plaintiff attached an affidavit from Defendant Foulk, the current District Attorney of Erie County, Pennsylvania, in which Defendant Foulk stated that based upon documentation provided by the Erie Police Department, he believed that the rape kit in question was destroyed by Officer Nelson. Further, attached to Foulk's Affidavit is a computer generated document from the Erie Police Department that states that the rape kits "were destroyed this date by Det. Markham per Sgt. Nelson." Given Detective Nelson's undisputed involvement in the investigation of Plaintiff's rape case, the document attached to Defendant Foulk's Affidavit creates a genuine issue of material fact as to whether or not Defendant Nelson was involved in the destruction of the DNA evidence at issue in this case.

Accordingly, we must reject Magistrate Judge Baxter's Report and Recommendation to the extent the Report and Recommendation recommends that Defendant Nelson's motion for summary judgment be granted on Plaintiff's claims to the extent that they are based on there being no evidence of Defendant Nelson being involved in the destruction of the DNA at issue. This matter is recommitted to Magistrate Judge Baxter for further consideration of the other arguments raised by Defendant Nelson in support of his Motion for Summary Judgment. An appropriate Order follows.

Dated: March 4, 2008

                                                  *Maurice B. Cohill, Jr.*
                                                  MAURICE B. COHILL, JR.
                                                  United States District Judge

cc:     Susan Paradise Baxter